UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BRITTANY NICOLE MCCULLOUGH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 2:20-cv-202-JRG-SKL |

**REPORT AND RECOMMENDATION**

Before the Court is an application ("Application") to proceed *in forma pauperis* ("IFP") filed by Brittany Nicole McCullough ("Plaintiff") [Doc. 2]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the rules of this Court.

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of a request to proceed IFP is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that he or she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial situation will not permit her to pay for the costs of the litigation and also be able to provide the necessities of life for herself and her dependents. *Adkins*, 355 U.S. at 339.

Plaintiff's Application does not show she is unable to pay the $400.00 filing fee while still

affording the necessities of life. Plaintiff's application states that she is employed with net wages per month of $800.00 and states she also receives $129.00 per month in food stamps[1] [Doc. 2 at Page ID ## 6 & 7]. Plaintiff's application states that she has a savings account balance of $2,000.00 [Doc. 2 at Page ID # 8]. Plaintiff reported no spouse and no dependents [Doc. 2 at Page ID ## 12 & 13]. Plaintiff lists total monthly living expenses of $620 [Doc. 2 at Page ID at # 11], which includes $200 per month of food expense. Plaintiff has no mortgage or rental expense as she lives with her grandmother [Doc. 2 at Page ID at # 6].

Plaintiff has reported sufficient resources to pay the filing fee after her monthly living expenses are satisfied. No doubt, Plaintiff's financial situation is strained, but I cannot find she is unable to pay the Court's filing fee under the circumstances. Accordingly, I **RECOMMEND** that the Application to proceed IFP [Doc. 2] be **DENIED**.[2]

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court assumes Plaintiff references the Supplemental Nutrition Assistance Program [Doc. 2, Page ID # 7].

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).